THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
CÁNDIDO CARIÑO RIVERA, Defendant and Appellant.

No. 13690. Argued March 7, 1949.—Decided April 14, 1949.

*Antonio J. Matta* for appellant. *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The appellant was sentenced by the District Court of Humacao, on appeal, to serve ten months' imprisonment in jail for the crime of aggravated assault and battery. In this appeal he alleges, as the only error, that the judgment is contrary to the evidence.

In the first place, the appellant calls our attention to the fact that the prosecuting attorney, upon examining the only witness for the prosecution as to the date when the occurrence took place, referred to "October 20, 1948," while it is alleged in the complaint that it took place on February 20, 1948. The trial was being held on May 11, 1948, so it is obvious that the district attorney, through negligence or be-

cause of an inexplicable confusion in the dates, erred in referring to a date more than five months after the trial and eight months subsequent to the day alleged in the complaint. On the other hand, it appears from defendant's evidence that the witnesses referred either to "the day mentioned in the complaint" or "the day of the event" or "that day" or "the day of this incident."

The *Fiscal* of this Court consents to the reversal of the judgment based on *People* v. *Serrano*, 66 P.R.R. 431. But that case is not applicable and may be easily distinguished. There a complaint was filed on February 4, 1946, and it alleged that the facts took place on October 27, 1946. No evidence was introduced at the trial as the defendant pleaded guilty and we held, citing from the syllabus that:

"A complaint which alleges the offense charged therein to be committed subsequent to the filing of the complaint, does not state any public offense."

In the instant case, there was evidence to prove that the offense was committed "on the day mentioned in the complaint", that is on February 20, 1948. This date is prior to the filing of the complaint, and therefore, it charges the offense of aggravated assault and battery, inasmuch as it is not defective as that of *People* v. *Serrano*, *supra*.

The appellant admits in his brief that, giving credence to the testimony of the witness for the prosecution, "possibly the punishable act of aggravated assault and battery was committed by the defendant in attacking with his fists the Internal Revenue Agent, Norberto Camacho Morales, but we maintain that the time has come when this Honorable Court should state in clear and precise terms whether an Internal Revenue Agent may, without a warrant, search an establishment where no liquor is sold and which has no license therefor."

As we have already said, the only error alleged by the appellant in his brief is that the judgment is contrary to the evidence. In the lower court the defendant did not raise

any legal question as to whether the testimony of the only witness for the prosecution was inadmissible because of a wrongful search of defendant's establishment. Nor as to whether an Internal Revenue Agent needed a warrant to search an establishment where no liquor is sold and which has no license therefor. He raises this question for the first time on appeal in order to attack the sufficiency of the oral evidence admitted without the objection of the defendant. We have repeatedly held that this cannot be done. *People* v. *Silva*, 17 P.R.R. 577; *People* v. *Ramos*, 36 P.R.R. 739; *People* v. *Miranda*, 56 P.R.R. 574; *People* v. *Figueroa*, 59 P.R.R. 909; *People* v. *Pierantoni*, 67 P.R.R. 755.

We have examined the transcript of the evidence and since the court believed the testimony of the witness for the prosecution, Norberto Camacho Morales, an Internal Revenue Agent, to the effect that the defendant, because of a search that was being made by said witness together with another agent, grabbed the revolver from the former and fired a shot wounding him in the stomach, it is sufficient to support the judgment which will be affirmed.